IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00650–PAB–KMT

TRACEY STONE,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF DEPARTMENT, and
JEFFERSON COUNTY DETENTION CENTER OF JEFFERSON COUNTY, COLORADO

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Plaintiff's failure to appear at the August 17, 2015, Scheduling Conference, Plaintiff's failure to prosecute her case, and Plaintiff's failure to comply with court orders.

On April 9, 2014, this court entered an Order setting a Scheduling/Planning Conference for July 8, 2015. (Doc. No. 10.) On July 1, 2015, Defendants filed a proposed Scheduling Order in which they advised that Plaintiff recently had been arrested and was being held at the Jefferson County Detention Facility. (Doc. No. 14 n.1.) Because Defendants did not know whether Plaintiff would be released prior to the July 8 Scheduling Conference, Plaintiff had not participated in the preparation of the proposed Scheduling Order, and because the court had arranged for a sign language interpreter to attend the Scheduling Conference, this court reset the Scheduling Conference for August 17, 2015, at 9:30 a.m. (Doc. Nos. 15 & 16.) The court

warned Plaintiff she must participate with Defendants' counsel in preparation of the proposed Scheduling Order.  (Doc. No. 15.)

On August 10, 2015, Defendants filed another proposed Scheduling Order, in which they advised Plaintiff had failed to participate in the preparation of the proposed Scheduling Order. (Doc. No. 18 n.1.)  On August 17, 2015, this court held the Scheduling Conference; however, Plaintiff did not appear.  (Doc. No. 19.)  On September 15, 2015, this court entered an order directing Plaintiff to show cause in writing, no later than September 30, 2015, why her Complaint should not be dismissed for failure to prosecute her case and failure to comply with court orders.  (Doc. No. 25.)  Plaintiff did not respond to the Order to Show Cause.

Plaintiff bears the responsibility of complying with court orders and prosecuting her case. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 16(f)(1)(A) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders.  Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, dismissal is a more severe sanction, and generally requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of

an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

     Consideration of the *Ehrenhaus* factors weighs in favor of dismissal with prejudice. First, the court finds that Defendants have been prejudiced by Plaintiff's failure to prosecute this case. They responded to Plaintiff's Complaint by filing a Motion to Dismiss and also complied with their court-ordered obligations by filing two proposed scheduling orders—even though they had not received any input from Plaintiff. Additionally, Defendants expended resources in attending one Scheduling Conference in which Plaintiff did not appear. In light of Plaintiff's failure to prosecute this matter, these actions were taken in vain.

     Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court orders. Moreover, the court wasted judicial resources in paying for the attendance of a sign language interpreter to attend the Scheduling Conference in which Plaintiff failed to appear. (Doc. No. 19.) Plaintiff now has failed to respond to this court's Order to Show Cause or to give an explanation for her failure to appear at the Scheduling Conference.

Additionally, the docket indicates that the several documents have been returned as undeliverable after they were sent to Plaintiff at the address submitted by her to the court.  (*See* Doc. Nos. 23 & 24.)  Thus, Plaintiff has failed to comply with this Court's local rule that any party, including a *pro se* party, must file a notice of change of address within five days after the change.  *See* D.C.COLO.LAttyR 5(c).  Altogether, Plaintiff has shown contempt by willfully failing to comply with this court's orders, the local rules of this Court, and by repeatedly wasting judicial resources.

Third, this court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders.  Fourth, this court specifically warned Plaintiff that her failure to comply with this court's orders could result in a recommendation for dismissal.  (*See* Doc. No. 25.)

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 16(f)(1)(A), 37(b)(2), 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992).  The court further

**RECOMMENDS** that "Defendants' Motion to Dismiss" (Doc. No. 12) be **DENIED** as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of October, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge